## ROYAL HOLDING COMPANY, PROSECUTOR, v. CITY OF BEVERLY, RESPONDENT.

Argued June 6, 1923—Decided September 21, 1923.

### City Budget—Preparation of Under Act of 1917—Writ Addressed to City—Notice Required—Laches.

On *certiorari*, &c.

Before Justices TRENCHARD, PARKER and BERGEN.

For the prosecutor, *Francis J. Smith*.

For the respondent, *Palmer & Powell*.

PER CURIAM.

This writ brings up for review the budget adopted by the common council of the city of Beverly for the year 1923.

The respondent makes certain preliminary objections, some of which we will dispose of at the outset.

There is no merit in the contention that the writ should have been directed to the city clerk, instead of to the city of Beverly as it was directed. *Zeller* v. *Guttenberg,* 81 *N. J. L.* 305.

There is no merit in the contention that the writ should be dismissed because the time for filing the reasons was extended without notice. No notice was required.

There is no merit in the contention that the prosecutor was in laches in waiting until expenditures had been made under the budget. This point might have force if the attack were upon the entire budget; but it has no effect when we consider that the attack is professedly upon seven items only, and to these our consideration and decision will be confined.

These seven items are:

```
"Louis J. Sieling ....................... $1,068.25
 Burton Kiple .........................     525.85
 Smith's Express ......................     393.18
 L. G. Stratton .......................      28.20
 E. S. Becker .........................      21.15
 I. T. Craythorn Estate ...............       4.55
 County of Burlington .................   4,814.09"
```

The prosecutor's first reason why they should be set aside is that the appropriations are not made with respect to the objects, departments or subdepartments for which they are to be expended.

We think the point well taken. The statute (*Pamph. L.* 1917, *p.* 553, § 11) declares that "there shall be set forth the appropriations, itemized according to the respective objects, departments or subdepartments for which they are to be expended," &c. Manifestly, this was not done. There was an utter failure to assign such items to any object or department.

That reason being well taken, we need not look at the depositions, and it therefore becomes immaterial whether or not they were properly taken. This result renders it unnecessary to give further consideration to the other objections leveled at the several items of appropriations mentioned.

The items in question will be set aside.